IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANNY GORDINEER, # 356-423    *

Plaintiff,                    *

v                             *    Civil Action No. ELH-13-2815

DAYENA M. CORCORAN            *

Defendant.                    *

***

**MEMORANDUM**

Danny Gordineer has filed suit against Dayena M. Corcoran, the Warden of the Maryland Correctional Institution-Jessup, pursuant to 42 U.S.C. § 1983, alleging he received improper health care when his wisdom tooth was removed. ECF 1. He has also filed a motion for leave to proceed in forma pauperis. ECF 2.[1] For the reasons that follow, this case will be dismissed for failure to state a claim upon which relief can be granted.

**I.    Background**

Gordineer, a Maryland prisoner, complains that he had a wisdom tooth extracted on August 14, 2013, but was not given any medication until August 16, 2013. ECF 1. He asserts that he went "a day and a half without any medicine." ECF 1 at 7. According to plaintiff, he was provided Ibuprofen on August 16, 2013, and again when he returned to the hospital on August 19 and 28, 2013, but it was ineffective. *Id.* at 2, 6. Gordineer states that, in reaction to the medicine, he "vomited some blood" on an unspecified date. *Id.* Gordineer claims that when he saw Dr. Foster and x-rays were taken on September 12, 2013, Dr. Foster informed him "that

---

[1] On October 2, 2013, the court issued an order directing the prison finance officer to submit a verified inmate account statement within twenty-one days to assess Gordineer's initial partial filing fee under 28 U.S.C. § 1915. ECF 3. No statement has been filed. Consequently, the court will grant the motion so that this matter may proceed for preliminary review.

when they removed the tooth 'they must have hit a nerve or the main muscle.'" *Id* at 3. Gordineer acknowledges that he was given "Methocarbamol Robaxim"[2] twice daily at a later time. *See id*.

Gordineer claims that his rights under the Eighth Amendment to the Constitution were violated because he "went a day and a half without any medicine" *Id*. at 7. He also claims that defendant was "made aware of plaintiff's reaction to the prescribed medicine" and "never responded, showing indifference." *Id*. As relief, Gordineer requests compensatory damages of $20,000 and punitive damages of $5,000. *Id*.

## II. Standard of Review

Gordineer filed his complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, which permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

This court is mindful of its obligation to liberally construe the pleadings of self-represented pro se litigants, such as Gordineer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the complaint to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)

---

[2] Methocarbamol is in a class of medications called muscle relaxants. It is used with rest, physical therapy, and other measures to relax muscles and relieve pain and discomfort caused by strains, sprains, and other muscle injuries. *See* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682579.html

(stating a district court may not "conjure up questions never squarely presented"). As discussed below, the complaint fails to allege facts sufficient to state a cognizable federal claim.

## III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *See Baker v. McCollan*, 443 U.S. 137 (1979). Plaintiff claims violations of his rights under the Eighth Amendment, relating to his contention of inadequate medical care.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment. *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). In order to state an Eighth Amendment claim for denial of adequate medical care, a plaintiff must demonstrate that the actions of a defendant or the failure to act amounted to deliberate indifference to a serious medical need. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure that the needed care was available. *Farmer,* 511 U.S. at 837. A "serious medical need" refers to a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241 (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of a serious medical condition. *Farmer*, 511 U.S. at 839.

In order to state a constitutional claim for denial of medical care, a plaintiff must demonstrate that a defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U. S. at 837. The *Farmer* Court added that it is enough for an Eighth Amendment claimant to show that "the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. As the Fourth Circuit has explained: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir. 1997).

Deliberate indifference to a serious medical need "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. It requires proof that the prison official knew of or was aware of the inmate's need for medical attention and disregarded an excessive risk to the inmate's health or safety. *Id.* at 837. Put another way, for liability to attach based on a violation of the Eighth Amendment, the law "requires consciousness of a risk. . . ."

4

*Id.* at 840.  As the Fourth Circuit has explained: "Actual knowledge or awareness on the part of the alleged inflicter…becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).

Thus, a defendant must have actual knowledge of a serious condition, not just knowledge of the symptoms.  *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).  Mere negligence or malpractice does not rise to a constitutional level.  *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).  And, inmates do not have a constitutional right to the treatment of their choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).  The right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable."  *Bowring v. Godwin*, 551 F.2d 44, 47–48 (4th Cir. 1977) (emphasis added).  "Disagreements between an inmate and a physician" as to the "inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also Estelle*, 429 U.S. at 105-06; *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Fleming v. LeFevere*, 423 F.Supp. 2d 1064, 1070-71 (C.D. Cal. 2006).

Further, prison officials are entitled to rely on medical judgments and the expertise of prison physicians and other medical personnel concerning the course of treatment deemed necessary for prisoners.  *See Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995); *see also Miltier,* 896 F.2d at 854–55 (stating that supervisory prison officials are entitled to rely on professional

5

judgment of trained medical personnel and may be found to have been deliberately indifferent by intentionally interfering with a prisoner's medical treatment ordered by such personnel).

Even if the requisite subjective knowledge is established, a prison official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Under the Eighth Amendment, "[a] prison official's duty . . . is to ensure "'reasonable safety' . . ." (citation omitted). Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2001) (*citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Of import here, "any negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference[.]" *Johnson*, 145 F. 3d at 166. Without evidence that a doctor ignored symptoms linked to a serious medical condition of which the doctor was aware, the subjective knowledge required for Eighth Amendment liability is not present. *Id*. at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

As noted, Gordineer complains that, after his tooth was extracted, he went a day and one-half without receiving medication; he vomited blood on an unspecified date; and defendant did not respond when she was "made aware" of his reaction to the prescribed medicine. Notably, Gordineer does not claim additional injury as a result of the delay, and acknowledges he was treated at least three times post-operatively and was seen by Dr. Foster. Nor does Gordineer allege that defendant was personally involved in his dental treatment. At most, Gordineer's allegations appear to be based solely upon vicarious liability or respondeat superior.

The law is well established that the doctrine of respondeat superior does not apply in the context of §1983 claims. *See Monell v. New York Dept. of Social Services*, 436 U. S. 658, 691 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). In order for supervisory liability to exist in a § 1983 action, it must be established that: 1) the supervisor had actual or constructive knowledge that her subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to plaintiff; 2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). In this case, defendant is a warden who supervises corrections personnel, not a health care professional responsible for the actions of medical providers.

Deliberate indifference requires more than negligence. Generally, a single act or isolated incidents are insufficient to establish § 1983 liability. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan*, 737 F.2d at 373.

Here, Gordineer does not show defendant was deliberately indifferent to his medical needs or otherwise hindered his treatment. At most, Gordineer raises allegations of negligence or medical malpractice at the hands of dental care providers who are not named as defendants in this lawsuit.[3] *See, e.g.*, *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a

---

[3] Gordineer may pursue his claims in the state courts of Maryland as appropriate. Gordineer is reminded that, prior to bringing a medical malpractice claim under Maryland law, a plaintiff must comply with the requirements of Maryland's Health Care Malpractice Claims Act.

constitutional violation merely because the victim is a prisoner."). In sum, Gordineer's allegations of fact do not amount to a claim of constitutional magnitude. Therefore, this case will be dismissed.

**IV.　Conclusion**

For the foregoing reasons, this case will be dismissed for failure to state a claim upon which relief may be granted. A separate Order shall be entered in accordance with this memorandum.

 November 8, 2013　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　Ellen Lipton Hollander
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

*See* Md. Code (2006 Repl.Vol., 2012 Supp.), § 3–2A–01 of the Courts and Judicial Proceedings Article ("C. J."). A plaintiff must exhaust his medical malpractice claim before the Maryland Health Claims Alternative Dispute Resolution Office as a condition precedent to any judicial action. *See* C.J. § 3–2A–02; *Carroll v. Konits*, 400 Md. 167, 172 (2007). The court expresses no opinion in regard to the merits of plaintiff's claims.